# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Norfolk Division

KELBY SHEPPARD, #338968,

        Petitioner,

v.                                                    ACTION NO. 2:09cv570

DIRECTOR,
VIRGINIA DEPARTMENT OF CORRECTIONS,

        Respondent.

## UNITED STATES MAGISTRATE JUDGE'S ORDER AND REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. §2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. The Court recommends denying the petition for writ of habeas corpus.

Inasmuch as the petition designates an extraneous party respondent, it is ORDERED that the petition shall be deemed amended to substitute as the sole respondent in this proceeding Gene M. Johnson, Director of the Virginia Department of Corrections. See Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts (foll. 28 U.S.C. § 2254).

## I. STATEMENT OF THE CASE

Petitioner Kelby Sheppard ("Sheppard") was convicted following a jury trial in the Circuit Court for the City of Petersburg on August 27, 2004, of first-degree murder, use of a firearm in the commission of murder, and felony destruction of property. He was sentenced to a total of 38 years

1

imprisonment and a $2500 fine. His initial appeal to the Court of Appeals of Virginia was denied on August 10, 2005, and was denied again by a three-judge panel of that Court on January 29, 2007. The Supreme Court of Virginia denied Sheppard's petition for appeal on August 1, 2007. Sheppard's habeas petition to the Circuit Court for the City of Petersburg was dismissed on October 22, 2008. His appeal to the Supreme Court of Virginia was dismissed on September 18, 2009.

Sheppard filed the present petition on November 17, 2009. Respondent filed a Rule 5 Answer and Motion to Dismiss [Doc. 11] to which Sheppard responded [Doc. 13.] The Respondent then amended his response [Doc. 16.] Accordingly, this matter is now ripe for adjudication.

**Grounds Alleged**

Sheppard asserts that he is entitled to relief under 28 U.S.C. § 2254 because:

(A) There was trial court error and abuse of discretion specifically when the court:

(1) refused to grant petitioner's request for a continuance before the trial commenced;
(2) refused two jury instructions proffered by petitioner;
(3) found the evidence sufficient to sustain a conviction for first degree murder and use of a firearm in the commission of a felony.

(B) He was denied effective assistance of counsel specifically when:

(1) counsel failed to present a viable defense on petitioner's behalf;
(2) counsel failed to adequately interview witnesses for the defense, and place those witnesses on the stand;
(3) counsel failed to apprise the trial court of Code of Virginia § 19.2-277, when the court erroneously held an out-of-state witness to be beyond the subpoena power of the court;
(4) counsel failed to object to the trial court's improper jury instructions.

(C) There would be a fundamental miscarriage of justice as the individual responsible for the stab wound was acquitted when

> each defendant was as culpable as the other. The evidence in
> the case showed that the stab wound occurring first and the
> subsequent gunshot wound were equally fatal.

(Pet. at 1-2) [Ex. 1, Doc. 1.]

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Exhaustion and Procedural Default

In order for this Court to address the merits of this habeas petition, all of Sheppard's claims must be exhausted. See 28 U.S.C.A. § 2254(b) (2010). The exhaustion requirement is satisfied when the "essential legal theories and factual allegations advanced in federal court . . . [are] the same as those advanced at least once to the highest state court." Pruett v. Thompson, 771 F. Supp. 1428, 1436 (E.D.Va. 1991), aff'd, 996 F.2d 1560 (4th Cir. 1993). Exhaustion may be accomplished either on direct appeal or in post-conviction proceedings. See O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999) (citing Brown v. Allen, 344 U.S. 443, 447 (1953)); see also Skipper v. French, 130 F.3d 603, 610 n.4 (4th Cir. 1997).

Ground (C) was not alleged in Sheppard's direct appeal to the Court of Appeals of Virginia or the Supreme Court of Virginia. Sheppard brought Ground (C) in his habeas petition to the Circuit Court for the City of Petersburg. In the Circuit Court, the court held ground (C) was procedurally defaulted as "a non-jurisdictional issue raised and decided either in the trial or on direct appeal from the criminal conviction . . . ." Henry v. Warden, 265 Va. 246, 249, 576 S.E.2d 495, 496 (2003). The Fourth Circuit has held, "[a]bsent cause and prejudice or a miscarriage of justice a federal court sitting in habeas may not review a constitutional claim when a state court has declined to consider its merits on the basis of an adequate and independent state procedural rule." Mu'Min v. Pruett, 125 F.3d 192, 196 (4th Cir. 1997) (internal citations omitted). Nowhere in Sheppard's federal petition has he shown the requisite cause and prejudice, which this Court must find before considering the

3

merits of a claim not first presented to the Supreme Court of Virginia. See Wainwright v. Sykes, 433 U.S. 72, 87-91 (1977). Therefore, this Court recommends that Ground (C) be DENIED as procedurally defaulted.

Sheppard's remaining claims are exhausted. Grounds (B)(1)-(4) were presented to the Virginia Supreme Court in his state habeas petition, and Grounds (A)(1)-(3) were presented to the Virginia Supreme Court on direct appeal.

### B. Cognizability

Addressing Sheppard's claim in Ground (A)(2), that the trial court erred and abused its discretion when refusing two jury instructions proffered by petitioner, jury instructions are a matter of state law. Chance v. Garrison, 537 F.2d 1212 (4th Cir. 1976); Grundler v. North Carolina, 283 F.2d 798 (4th Cir. 1960). The failure to give an instruction bears a "heavy burden" on the petitioner as "[a]n omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law." Henderson v. Kibbe, 431 U.S. 145, 155 (1977).

A federal court in a habeas review "is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990)). This Court cannot re-examine the Supreme Court of Virginia's determinations on this state-law question as "federal habeas corpus relief does not lie for errors of state law." Id. at 67. As jury instruction errors are a matter of state law, this is not a denial of due process under the Fourteenth Amendment; otherwise all claims would be federal ones. See Engle v. Isacc, 456 U.S. 107, 121 n.21 (1982). Therefore, this Court recommends that Ground (A)(2) be DENIED as it is not cognizable.

### C. Merits

Pursuant to Title 28 of U.S.C. § 2254, a federal court may not grant relief on any claim that

the Supreme Court of Virginia adjudicated on the merits[1] unless the Supreme Court of Virginia's adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as established by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C.A. § 2254(d)(1)-(2) (2010).

The Supreme Court has explained that this statute "plainly sought to ensure a level of 'deference to the determinations of state courts,' provided those determinations did not conflict with federal law or apply federal law in an unreasonable way." Williams v. Taylor, 529 U.S. 362, 386 (2000) (internal citations omitted). Consequently, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." Id. at 389.

The Supreme Court of Virginia, on September 18, 2009, refused Sheppard's appeal from the Circuit Court for the City of Petersburg's dismissal of his habeas petition. Since the Virginia Supreme Court summarily refused Sheppard's appeal, this Court will conduct an independent review of the applicable law to determine whether Sheppard has made the requisite demonstration under 28 U.S.C. § 2254(d)(1)-(2). Bell v. Jarvis, 236 F.3d 149 (4th Cir. 2000). This independent review is limited to determining "whether the state court's adjudication of the claims before it was a reasonable one in light of the controlling Supreme Court law." Id. at 162. The Supreme Court has

---

[1] The Supreme Court of Virginia does not have to set forth findings of fact and conclusions of law in its disposition of a claim for the claim to be "adjudicated on the merits." Wright v. Angelone, 151 F.3d 151, 156-57 (4th Cir. 1998).

further admonished,

> factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary, § 2254(e)(1), and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding, § 2254(d)(2).

Miller-El v. Cockrell, 537 U.S. 322, 340 (2003).

With respect to Ground (A)(1), alleging there was trial court error and abuse of discretion for refusing to grant petitioner's request for a continuance before the trial commenced, the Court of Appeals of Virginia[2] noted that "[a]t no time did appellant or his counsel request a continuance in the trial date." Sheppard v. Commonwealth, No. 2058-04-2, slip op. at 1 (Va. Aug. 10, 2005). Further, the "the record shows that appellant met with his counsel numerous times prior to the trial, appellant's counsel requested and received discovery, and all of appellant's witnesses who were subpoenaed were present for trial." Id. The Supreme Court of Virginia decision was reasonable because without a request for a continuance the trial court did not have the opportunity to rule. It is not clear that Sheppard had an inadequate amount of time to prepare his defense with his attorney; therefore, the Supreme Court of Virginia did not violate 28 U.S.C.A. § 2254(d)(1)-(2).

Addressing Sheppard's claim in Ground (A)(3), alleging there was trial court error and abuse of discretion for finding the evidence sufficient to sustain a conviction for first degree murder and use of a firearm in the commission of a felony, the Court of Appeals of Virginia found "the evidence was sufficient to prove beyond a reasonable doubt that appellant committed the charged offenses."

---

[2] For Grounds (A)(1) and (A)(3), this Court will be looking to the Court of Appeals of Virginia opinion as it was the last reasoned state court decision. For Grounds (B)(1)-(4), this Court will be looking to the Circuit Court of the City of Petersburg opinion as it was the last reasoned state court decision on the petition for the writ of habeas corpus. Ylst v. Nunnemaker, 501 U.S. 797 (1991).

Id. at 3. The petitioner is only entitled to habeas corpus relief on reviewing the sufficiency of the evidence "if it is found that upon the record evidence adduced at trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 324 (1979). In this case, Tremain Wilson testified that Sheppard "removed a gun from his 'hoodie', pressed it against the victim, and fired one shot." Sheppard, No. 2058-04-2 at 3. Furthermore, Ajennah Hawk, Sheppard's girlfriend, testified that Sheppard was very upset over being robbed by the victim and said, "It's over for [the victim]." Id. The victim later died. As the Court of Appeals of Virginia states, "the jury could infer from appellant's conduct and the statements he made prior to the shooting that he acted willfully, deliberately, and with a specific intent to kill when he placed a gun to the victim's back and shot the victim." Id. The evidence cited is sufficient for a rational trier of fact to find guilt beyond a reasonable doubt for the charged offenses; therefore, the Supreme Court of Virginia decision was reasonable.

With respect to Grounds (B)(1)-(4), the claims of ineffective assistance of counsel, this court must analyze the reasonableness under a two-prong test: performance and prejudice. Strickland v. Washington, 466 U.S. 668 (1984). Under the performance prong, the petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. Under the prejudice prong, the petitioner must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Further, the Court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. In order to recommend granting Sheppard relief on his ineffective assistance of counsel claims, this Court must find that the Supreme Court of Virginia's dismissal of his claims was an unreasonable application of Strickland.

7

As to Ground (B)(1), alleging counsel was ineffective for failing to present a viable defense on petitioner's behalf, the decision on this claim was not an unreasonable application of a United States Supreme Court decision, Strickland, nor was the decision based on an unreasonable determination of facts. As the state habeas court said, "a strategic decision to rest after challenging the Commonwealth's witnesses does not equate with failing to challenge the Commonwealth's evidence." Sheppard v. Dir. of the Dep't of Corrections, No. 08000556-00, slip op. at 7 (Va. Cir. Ct. Oct. 22, 2008). Ground (B)(1) cannot satisfy the performance prong of the Strickland test as "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." Strickland, 466 U.S. at 690.

Even if the performance prong could be satisfied, it is not clear that calling any witnesses for the defense would have changed the outcome of the case. Counsel states in her sworn statement that "a tactical decision was made not to call witnesses who had been subpoenaed but would not testify favorably for the defense." Sheppard, No. 08000556-00 at 9. Sheppard has not provided any evidence or statements from witnesses that could have been offered in his defense to show how his counsel's performance prejudiced him. This Court "need not determine whether counsel's performance was deficient before examining the prejudice" prong as these are two independent burdens on the petitioner. Strickland, 466 U.S. at 697. Sheppard has failed to meet both the performance and prejudice prong of Strickland, thus this court must defer to the Virginia Supreme Court as their decision is reasonable.

With respect to Ground (B)(2), alleging counsel was ineffective for failing to adequately interview witnesses for the defense and to place those witnesses on the stand, the state habeas court said "the choice of which witness to call is generally a matter of trial tactics." Sheppard, No. 08000556-00 at 6. Ground (B)(2) cannot satisfy the performance prong of the Strickland test as

"strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." Strickland, 466 U.S. at 690.

Even if the performance prong could be satisfied, Sheppard also failed to provide any affidavits to show what the witnesses would have testified. Sheppard cannot "establish ineffective assistance of counsel under Strickland v. Washington on the general claim that additional witnesses should have been called in mitigation." Bassette v. Thompson, 915 F.2d 932, 941 (4th Cir. 1990). Without some evidence of what the witnesses would have stated in their testimony, the prejudice prong cannot be satisfied. The petitioner cannot demonstrate the testimony the witnesses would have given would create a probability that the outcome would be different, thus the Supreme Court of Virginia decision was reasonable.

With respect to Ground (B)(3), alleging counsel was ineffective for failing to apprise the trial court of Code of Virginia § 19.2-277 when the court erroneously held an out-of-state witness to be beyond the subpoena power of the court, the state habeas court found that Sheppard did not meet his burden of proof on either prong of Strickland. Again, Sheppard failed to provide an affidavit from the out-of-state witness showing the testimony the witness would have provided at trial. Further, Sheppard provided his attorney with an incorrect address for this witness twice. Without some evidence of what the witness would have stated in their testimony, the prejudice prong of Strickland cannot be satisfied; thus, the Supreme Court of Virginia decision was reasonable. Id.

With respect to Ground (B)(4), alleging counsel was ineffective for failing to object to the trial court's improper jury instructions, the state habeas court found the claim to be without merit. First, Sheppard objects to Instruction No. 5, which instructed "the jury that it may infer that every person intends the natural and probable consequences of their acts." Sheppard, No. 08000556-00 at 11. Sheppard cannot meet the prejudice prong of Strickland "in light of the overwhelming

9

evidence introduced at trial concerning [Sheppard's] intent, he cannot show that 'there is a reasonable probability that, but for counsel's [alleged error], the result of the proceeding would have been different.'" Waye v. Townley, 871 F.2d 18, 21 (4th Cir. 1990) (quoting Strickland, 466 U.S. at 694).

Next, Sheppard alleges his counsel was ineffective due to the failure to object to a definition of "reasonable doubt" offered by the Commonwealth to the jury. As the state habeas court points out, "the statement was made in voir dire," and "the petitioner does not allege counsel was ineffective for failing to object to the instruction regarding the burden of proof (Instruction No. 1) as given." Sheppard, No. 08000556-00 at 11-12. Sheppard cannot meet the prejudice prong of Strickland given that the "jury was properly instructed at the conclusion of the evidence regarding the presumption of innocence and the Commonwealth's burden of proof." Id. at 12. As the jury was properly instructed at the conclusion of the evidence, Sheppard cannot show that there is a reasonable probability that if counsel had objected to the statement in voir dire the result of the proceeding would have been different. Strickland, 466 U.S. at 694.

Finally, Sheppard alleges ineffective assistance of counsel due to the failure to object to the trial court's instructions to the jury in saying that "they needed to make a further attempt to come to an agreement to avoid the time and cost of impaneling another jury to sentence the petitioner." Sheppard, No. 08000556-00 at 12. This instruction came after the guilty verdict had already been handed down by the jury. The state habeas court stated, "[t]his was proper as it is the trial court's duty to encourage the impaneled jurors to reach a unanimous decision if possible." Id. The Commonwealth was seeking a sentence of life imprisonment, and the jury returned a sentence of only 35 years. Sheppard fails to show that his counsel's failure to object to the instruction caused him prejudice under Strickland; therefore, the Supreme Court of Virginia decision was reasonable.

10

As there is no indication from the record that the Supreme Court of Virginia's adjudication of Sheppard's claims was contrary to, or involved an unreasonable application of, clearly established federal law, or that it resulted in a decision based on an unreasonable determination of the facts, this Court recommends that Grounds (A)(1), (A)(3), and (B)(1)-(4) be DENIED.

### III. RECOMMENDATION

For the foregoing reasons, the Court recommends that Sheppard's petition for writ of habeas corpus be DENIED and DISMISSED and the Respondent's motion to dismiss be GRANTED. Sheppard's Ground (C) should be DENIED because it is procedurally defaulted. Sheppard's Ground (A)(2) should be DENIED as it is not cognizable. Sheppard's Grounds (A)(1), (A)(3), (B)(1)-(4) should be DENIED because they were previously adjudicated on the merits, denied review by the Virginia Supreme Court, and none of the statutory exceptions apply that would allow this Court to grant relief on the grounds applied.

Furthermore, Sheppard has failed to demonstrate "a substantial showing of the denial of a constitutional right," therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322, 323 (2003).

## IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(c):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this Report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984), cert. denied, 474 U.S. 1019 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

/s/
Tommy E. Miller
United States Magistrate Judge

Norfolk, Virginia
May 26, 2010

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Kelby Sheppard, #338968
Lawrenceville Correctional Center
1607 Planters Road
Lawrenceville, VA 23868


Jennifer C. Williamson, Esq.
Office of the Attorney General
900 East Main Street
Richmond, VA 23219

                                                  , Clerk

                                      By _____
                                           Clerk of the Court

                                            May     , 2010