UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



KELBY SHEPPARD, #338968,

Petitioner,

v.  ACTION NO. 2:09cv570

GENE M. JOHNSON,
Director, Virginia Department of Corrections,

Respondent.

FINAL ORDER

Petitioner Kelby Sheppard, a Virginia inmate proceeding pro se, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition challenges Sheppard's August 27, 2004 convictions by the Circuit Court for the City of Petersburg of first-degree murder, use of a firearm in the commission of murder, and felony destruction of property. Sheppard was sentenced to 38 years imprisonment and a $2500 fine.

The matter was referred to a United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia for report and recommendation. The Report and Recommendation filed May 26, 2010, recommends denying the petition for writ of habeas corpus. Each party was advised of his right to file written objections to the findings and recommendations made by the Magistrate Judge. On June 11, 2010,

the Court received Petitioner's Objections to the Report and Recommendation.

First, Petitioner objects to the Magistrate Judge's reliance on Henry v. Warden to hold Ground (C) as being procedurally defaulted, as the Fourth Circuit has interpreted Hawks v. Cox relied on by Henry to be more of a collateral estoppel rule. Turner v. Williams, 35 F.3d 872 (4th Cir. 1994). Regardless, Sheppard still has not shown the requisite cause and prejudice, which this Court must find before considering the merits of a claim not first presented to the Supreme Court of Virginia. See Wainwright v. Sykes, 433 U.S. 72, 87-91 (1977). Thus, the Court finds no merit to the objection.

Second, Petitioner objects to the Report and Recommendation's dismissal of Ground (A)(2) as non-cognizable. Despite re-asserting his argument already presented to the Court in his habeas petition, jury instruction errors are a matter of state law, and thus are not a denial of due process under the Fourteenth Amendment; otherwise all claims would be federal ones. See Engle v. Isacc, 456 U.S. 107, 121 n.21 (1982). As such, the Court finds no merit to the objection.

Third, the Court finds the Report and Recommendation's analysis, that the Supreme Court of Virginia's ruling was reasonable with respect to Ground (A)(1), is not overcome by re-asserting the argument already presented to the Court in

2

Petitioner's habeas petition. It is still the case, as the Court of Appeals of Virginia noted, that "[a]t no time did appellant or his counsel request a continuance in the trial date." Sheppard v. Commonwealth, No. 2058-04-2, slip op. at 1 (Va. Aug. 10, 2005). As such, the Court finds no merit to the objection.

Fourth, Petitioner objects to the dismissal of Ground(A)(3) as a reasonable Supreme Court of Virginia finding since he did not have a "full and fair opportunity to litigate the issue." Neal v. Gramley, 99 F.3d 841, 843 (7th Cir. 1996). However, the petitioner is only entitled to habeas corpus relief on reviewing the sufficiency of the evidence "if it is found that upon the record evidence adduced at trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 324 (1979). Given that the evidence cited in the Report and Recommendation is sufficient for a rational trier of fact to find guilt beyond a reasonable doubt for the charged offenses, the Court finds no merit to the objection.

Fifth, the Petitioner objects to the Court's application of the Strickland standard to Ground (B)(1). Even if his counsel did fail to investigate and present a viable defense, Sheppard still has not provided any evidence or statements from witnesses that could have been offered in his defense to show how his counsel's performance prejudiced him; therefore, he fails the prejudice prong and the Court finds no merit to the objection.

Sixth, the Petitioner objects to the Court's application of the <u>Strickland</u> standard to Ground (B)(2). The Court finds no merit as Sheppard cannot "establish ineffective assistance of counsel under <u>Strickland v. Washington</u> on the general claim that additional witnesses should have been called in mitigation." <u>Bassette v. Thompson</u>, 915 F.2d 932, 941 (4th Cir. 1990).

Seventh, the Petitioner objects to the Court's finding that failing to object to an improper jury instruction did not rise to ineffective assistance of counsel. Even if the jury instruction had been found to violate due process, Sheppard still cannot meet the prejudice prong of <u>Strickland</u> because he cannot show that "there is a reasonable probability that, but for counsel's [alleged error], the result of the proceeding would have been different" due to the overwhelming evidence about Sheppard's intent. <u>Strickland v. Washington</u>, 466 U.S. 668, 694 (1984); <u>Waye v. Townley</u>, 871 F.2d 18, 21 (4th Cir. 1990); <u>see</u> <u>Francis v. Franklin</u>, 471 U.S. 307 (1985).

The Court, having reviewed the record and examined the objections filed by Petitioner to the Report and Recommendation, and having made <u>de novo</u> findings with respect to the portions objected to, does hereby adopt and approve the findings and recommendations set forth in the Report and Recommendation filed May 26, 2010. It is, therefore, ORDERED that the petition be DENIED and DISMISSED, and the Respondent's motion to dismiss be

GRANTED. It is further ORDERED that judgment be entered in favor of Respondent.

Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right," therefore, the Court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See <u>Miller-El v. Cockrell</u>, 123 S.Ct. 1029, 1039 (2003).

Petitioner is hereby notified that he may appeal from the judgment entered pursuant to this Final Order by filing a <u>written</u> notice of appeal with the Clerk of this court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within 30 days from the date of entry of such judgment.

The Clerk shall mail a copy of this Final Order to Petitioner and counsel of record for Respondent.

/s/
Rebecca Beach Smith
United States District Judge

UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
June 30, 2010